UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LAKEISHA C. GREEN                                                                                          PLAINTIFF

V.                                              CIVIL ACTION NO. 3:25-CV-191-KHJ-MTP

ALLIED FIRST BANK SB, d/b/a Servbank                                                      DEFENDANT

ORDER

Before the Court is Defendant Allied First Bank sb, d/b/a Servbank's (Servbank) [4] Motion to Dismiss. The Court grants the motion and dismisses this case with prejudice.

I.     Background

This is pro se Plaintiff LaKeisha C. Green's second lawsuit against Servbank. *See Green v. Allied First Bank sb* (*Green I*), No. 3:24-CV-1, 2025 WL 777726 (S.D. Miss. Mar. 11, 2025). Like the first, it challenges Servbank's loss-mitigation process and foreclosure on Green's home. *See id.*; Compl. [1].

Green's first lawsuit named one Defendant: Servbank. Complaint, *Green I*, No. 3:24-CV-1, ECF No. 1. That lawsuit alleged that "Servbank discriminated against [Green] during their loss mitigation process," and it raised claims under the Fair Housing Act and Equal Credit Opportunity Act. Response at 2, *Green I*, No. 3:24-CV-1, ECF No. 41; Complaint, *supra*, at 11–14. The undersigned granted Servbank's motion for summary judgment on both claims and entered a final

judgment. *Green I*, 2025 WL 777726, at *3–5; Final Judgment, *Green I*, No. 3:24-CV-1, ECF No. 47. Green did not appeal.

Instead, Green filed this second, substantively similar lawsuit. *See* [1]. It named the same Defendant: Servbank. *Id.* at 2. And it alleged that Servbank's "defective Loss Mitigation Product" caused her to suffer injuries under 18 U.S.C. § 2255. *Id.*[1] Invoking the Court's federal-question jurisdiction, the [1] Complaint also cited to the Fair Housing Act and Equal Credit Opportunity Act. *See id.* (first citing 42 U.S.C. § 3613(a)(1)(A); and then citing 15 U.S.C. § 1691e(a)); *see also id.* at 6 (requesting preliminary injunction under the Fair Housing Act); *id.* at 7 (requesting intervention by the United States Attorney General under the Fair Housing Act).[2] Notably, Green's [1] Complaint cited to her summary-judgment response from her first lawsuit. *See id.* at 2 (citing Response, *supra*).

Servbank moved to dismiss this second suit based on claim preclusion, among other grounds. *See* Mem. Supp. Mot. [5] at 1–4. Green responded only that the factual allegations underlying her [1] Complaint were "not fully utilized" in her first lawsuit. [6] at 2.

---

[1] 18 U.S.C. § 2255(a) allows "[a]ny person who, while a minor, was a victim of a violation of [certain sections] of this title and who suffers personal injury as a result of such violation" to sue for damages. Green argues that the statute applies because it "symbolizes the emotional, mental, and physical torture that [she and her minor daughters] have experienced and continue to experience at the hands of Servbank due to [its] defective loss mitigation product." Resp. [6] at 2.

[2] The [1] Complaint also alleged that the Court has diversity jurisdiction over the action because Green is a citizen of Mississippi, Servbank is a state-chartered bank headquartered in Illinois, and Servbank's conduct caused "irreparable damage to every aspect of [Green's] life." [1] at 2.

II.     Standard

"[D]ismissal under Rule 12(b)(6) is appropriate if the res judicata bar is apparent from the complaint and judicially noticed facts and the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense." *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020) (cleaned up).

III.    Analysis

The Court grants the [4] Motion to Dismiss based on claim preclusion.

To begin, it is appropriate for the Court to determine whether claim preclusion warrants dismissal under Rule 12(b)(6). The claim-preclusion bar is apparent from the [1] Complaint and judicially noticed facts. [1] at 2 (citing summary-judgment response from first lawsuit); *see also, e.g.*, *Green I*, 2025 WL 777726. And Green has not challenged Servbank's failure to assert claim preclusion as an affirmative defense. [6] at 1–4.

So the Court proceeds to consider whether claim preclusion bars Green's second lawsuit. "Claim preclusion bars the litigation of claims that have been or should have been raised in an earlier suit." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 521 (5th Cir. 2016). Under federal common law, the claim-preclusion test has four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.* (cleaned up); *see also id.* at 521 n.9 (applying federal preclusion test where plaintiff's original action invoked

3

federal-question jurisdiction). "This [C]ourt uses a transactional test to determine whether two suits involve the same cause of action, asking whether the facts in the two suits are related in time, space, origin, or motivation, whether they form a convenient trial unit[—]in short, whether they are based on the same nucleus of operative facts." *Id.* (cleaned up). "The nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, defines the claim." *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007).

Here, all four elements of claim preclusion are met. First, this lawsuit involves the same parties. *Compare* Complaint, *supra*, *with* [1]. Second, a court of competent jurisdiction—this Court—entered a judgment in the prior action. *Green I*, 2025 WL 777726; Final Judgment, *supra*. Third, the Court's final judgment was on the merits. *See Green I*, 2025 WL 777726. And fourth, both lawsuits involve the same nucleus of operative facts: Servbank's loss-mitigation process and foreclosure on Green's home. *Compare* Complaint, *supra*, *with* [1].

So res judicata bars Green's second lawsuit. The Court thus grants Servbank's [4] Motion to Dismiss and dismisses this case with prejudice.

IV.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court GRANTS Servbank's [4] Motion to Dismiss. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 6th day of May, 2025.

                                            s/ *Kristi H. Johnson*
                                            UNITED STATES DISTRICT JUDGE